JOKINSKY v. MILLER.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. LANDLORD AND TENANT—LEASES—OPERATION AS CONVEYANCES—NECESSITY
   OF RECORD.
       A card, on which was written, "I hereby lease the stoop floor at 174 Or-
   chard St. south side to [tenant] from 1901 to May 1st, 1905 for the sum
   of $17 per month.   [Signature]," being for a term exceeding three years,
   and not acknowledged, is insufficient, under Laws 1896, p. 607, c. 547, §
   240, defining the term "real property," as including chattels real, except
   a lease for a term not exceeding three years, and section 241, making un-
   recorded conveyances of real property void as against any subsequent
   purchaser in good faith and for a valuable consideration, to support the
   possession of the tenant against summary proceedings brought by a subse-
   quent bona fide purchaser.

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-
trict.

Summary proceedings by Max Jokinsky, landlord, against Louis
Miller, tenant.   From a final order for the landlord, the tenant ap-
peals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT,
JJ.

Leopold W. Harburger, for appellant.
Louis Levene, for appellee.

MacLEAN, J.   In answer to the petition of the plaintiff, the owner
of certain premises, that defendant be dispossessed of a portion there-
of, wherein he continued after the expiration, as alleged, of his month-
ly tenancy, the defendant set up a general denial, excepting as to con-
tinuance in possession, and on the trial introduced in evidence a card
upon which was written: "New York, April 15, 1901.   I hereby
lease the stoop floor at 174 Orchard St. south side to Mr. Miller from
1901 to May 1st, 1905 for the sum of $17 per month. · A Greenspan."
Upon that, Miller claimed to be in possession as a lessee from the
plaintiff's vendor, Greenspan, who testified that he had given this
paper, and that he had told the plaintiff, his vendee, that Miller was
in under a lease.   That he had been so told, or had any such informa-
tion, the petitioning landlord denied.   The learned justice evidently
disregarded the story of personal notice, and found the petitioner a
purchaser in good faith and for a valuable consideration.   If this
memorandum, signed by the landlord only, be called a lease, on the
doctrine that one who has delivered a contract subscribed by himself
is estopped from denying that it was well executed, it still is insuf-
ficient to support the defendant, for, being for a period exceeding
three years, it would be a "conveyance," and require record, which
might not be of this unacknowledged paper.   Sections 240, 241, Real
Property Law (Laws 1896, p. 607, c. 547).   The final order should be
affirmed.

Final order affirmed, with costs and disbursements.   All concur.